UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ACCESS 4 ALL, INC., a Florida Non Profit
Corporation, and NELSON M. STERN,
Individually,

                         Plaintiffs,

v.

                                Case No.:  1:17-cv-01862-JMF

MARRIOTT INTERNATIONAL, INC.,
a Delaware Corporation, and
GRANITE PARK LLC, a Delaware
Limited Liability Company,

                         Defendants.

---

## FIRST AMENDED COMPLAINT
### (Injunctive Relief Demanded)

        Plaintiffs, ACCESS 4 ALL, INC., a Florida Non Profit Corporation, and NELSON M.

STERN, Individually, on their behalf and on behalf of all other individuals similarly situated ,

(sometimes referred to as "Plaintiff"  or "Plaintiffs"), hereby sue the Defendants MARRIOTT

INTERNATIONAL, INC., a Delaware Corporation, and GRANITE PARK LLC, a Delaware

Limited Liability Company (sometimes referred to as "Defendants"), for Injunctive Relief, and

attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act,

42 U.S.C. §  12181 et seq. ("ADA").


        1.      Plaintiff, Nelson M. Stern, is an individual residing in New York, NY, in

the County of New York.

        2.      Plaintiff, ACCESS 4 ALL, INC., is a non-profit corporation formed under

the laws of the State of Florida. ACCESS 4 ALL, INC. maintains its principal office in the County of Broward.

3.     Defendants' property, a hotel named the Courtyard New York Manhattan/Times Square, is located at 114 West 40th Street, New York, NY, in the County of New York.

4.     Venue is properly located in the Southern District of New York because venue lies in the judicial district of the property situs. The Defendants' property is located in and does business within this judicial district.

5.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

6.     Plaintiff Nelson M. Stern is a New York resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Stern has multiple sclerosis and is mobility impaired, and uses an electric scooter to ambulate. Nelson M. Stern visited the property on January 30, 2017, and plans to return to the property in the near future to avail himself of the goods and services offered to the public at the property, if the Hotel is fully accessible and the barriers to access have been corrected. The Plaintiff has encountered architectural barriers at the subject property, which have impaired Mr. Stern's use of the guestroom and toilet room, and have endangered his safety at the hotel and his ability to access the hotel's facilities.  The Plaintiff is also a member of the Plaintiff organization, ACCESS 4 ALL, INC., discussed below in paragraph 7.

7.     Plaintiff ACCESS 4 ALL, INC., is a nonprofit Florida corporation. Members

of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC. has also been discriminated against because of its association with its disabled members and their claims.

8.      Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is known as the Courtyard New York Manhattan/Times Square, located at 114 West 40th Street, New York, NY.

9.      ACCESS 4 ALL, INC. and Nelson M. Stem have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants. Nelson M. Stem desires to visit the Courtyard New York

Manhattan/Times Square not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10.    The Defendants have discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.    The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or  January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Courtyard New York Manhattan/Times Square has shown that violations exist. These violations that Mr. Stem has personally observed or encountered include, but are not limited to:

a.    Access is not provided from the street onto the site. This is in violation  of section 206.2.1 of the 2010 Standards for Accessible Design. §36.304.

b.    Accessible seating is not provided at tables and bars in the restaurants. This is in violation of sections 226 and 902 of the 2010 Standards for Accessible Design.

c.    The hotel toilet room does not provide an accessible stall. This is in violation of sections 213, 603, 604 & 609 of the 2010 Standards for Accessible Design.
§36.304.

d.    In  the  hotel  accessible  toilet  room,  the  pipes  underneath  the

lavatories are exposed. This is in violation of sections 213 & 606.5 of the 2010 Standards for Accessible Design. §36.304.

e.    Permanent signage identifying permanent rooms and spaces are not mounted. This is in violation of section 216.2 of the 2010 Standards for Accessible Design. §36.304.

f.    In the accessible guestroom a path of travel is not provided around the bed. This is in violation of sections 224.3 & 806.2.3 of the 2010 Standards for Accessible Design. §36.304.

g.    Items in the accessible guestroom and bathroom are out of reach to a person in a wheelchair. This is in violation of section 308.1 of the 2010 Standards for Accessible Design. §36.304.

h.    Controls in the accessible guestroom require tight grasping, pinching, or twisting of the wrist to operate. This is in violation of section 309.4 of the 2010 Standards for Accessible Design. §36.304.

1.    In the accessible guest bathroom a clearance is not provided by the water closet. This is in violation of sections 213.3.4, 604.3.1 & 806.2.4 of the 2010 Standards for Accessible Design. §36.304.

J.    In the accessible guest bathroom  appropriate grab bars are not provided by water closet. This is in violation of sections 213.2, 604.5 & 806.2.4 of the 2010 Standards for Accessible Design. §36.304.

k.    The shower in the accessible guest bathroom does not have a fixed seat. This is in violation of sections 213.3.6, 608.4 & 806.2.4 of the 2010 Standards for Accessible Design.  §36.304.

l.    The shower in the accessible guest bathroom has a high threshold. This is in violation of sections 213.3.6, 608.7 & 806.2.4 of the 2010 Standards for Accessible Design. §36.304.

m.    In the accessible guest bathroom the lavatory blocks the clearance to the adjacent shower controls. This is in violation of sections 213.2, 608.2.2.1 & 806.2.4 of the 2010 Standards for Accessible Design. §36.304.

n.    The hotel does not provide roll-in showers. This is in violation of sections 213, 224, 608, 609, 610 & 806 of the 2010   Standards   for Accessible

Design. §36.304.

o.    The pipe underneath the lavatory in the accessible guestroom is exposed. This is in violation of sections 213, 606.5 and 806.2.4 of the 2010 Standards for Accessible Design. §36.304.

p.    The hotel does not provide the required amount of accessible guest rooms. This is in violation of  section 224 of the 2010 Standards for Accessible Design. §36.304.

q.    A person with disabilities is denied a choice of accessible guest rooms as abled individuals  who  do  not  need  accessible rooms.  This is in violation of §36.302(e)(l)(i-v)(3) . §36.201 & §36.202 & §36.304.

12.    The foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

13.    The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendants' ADA violations. Plaintiffs require the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the

Defendants' place of public accommodation in order to determine all of the areas of non•

compliance with the Americans with Disabilities Act.

14.    Defendants have discriminated against the individual and corporate

Plaintiffs by denying them access to full and equal enjoyment of the goods, services,

facilities, privileges, advantages and/or accommodations of their place of public

accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28

CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the

Plaintiff, and all those similarly situated by failing to make reasonable modifications in

policies, practices or procedures, when such modifications are necessary to afford all

offered goods, services, facilities, privileges, advantages or accommodations to

individuals with disabilities; and by failing to take such efforts that may be necessary to

ensure that no individual with a disability is excluded, denied services, segregated or

otherwise treated differently than other individuals because of the absence of auxiliary

aids and services.

15.    Plaintiffs are without adequate remedy at law and are suffering irreparable

harm.  Considering the balance of hardships between the Plaintiffs and Defendants, a remedy

in equity is warranted. Furthermore, the public interest would not be disserved by a permanent

injunction. Plaintiffs have retained the undersigned counsel and are entitled to recover

attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. §

12205 and 28 CFR 36.505.

16.    Defendants are required to remove the existing barriers to the physically

disabled when such removal is readily achievable for its place of public accommodation

that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

17.    Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendants.

18.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendants to alter the Courtyard New York Manhattan/Times Square to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a.    The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

      b.      Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

      c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

      d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

Dated: April 5, 2017

*s/ Lawrence A. Fuller*
Lawrence A. Fuller, Esq.   (LF 5450)
FULLER, FULLER & ASSOCIATES, P.A.
Counsel for Plaintiffs Access 4 All, Inc.
and Nelson M. Stem
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 – Facsimile
Lfuller@fullerfuller.com
-and-

Nelson M. Stern, Esq.  (NS 8646)
NELSON  M. STERN ATTORNEY  AT LAW
Co-Counsel for Plaintiff Access 4 All, Inc.
115 East 87th St., Suite 7C
New York, NY 10128
(917) 774-1330
(212) 717-4061 - Facsimile
scooterlawyer@aol.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of April, 2017, the foregoing document was filed with the Clerk of Court via the Court's CM/ECF system.

I FURTHER CERTIFY that a true copy of same was sent via electronic mail and U.S. Mail to counsel for Defendant, Joseph J. DiPalma, Esq., and Joseph J. Lynett, Esq., Joseph.DiPalma@jacksonlewis.com, lynettJ@jacksonlewis.com, Jackson Lewis LLP, 44 South Broadway, White Plains, NY 10601.

*s/ Lawrence A. Fuller*
Lawrence A. Fuller, Esq. (LF-5450)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile: (305) 893-9505
Lfuller@fullerfuller.com

1